IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TROY HENRY NELSON,

        Plaintiff,

vs.                                                         Case No. 17-3124-SAC

MARK T. SCHOENHOFER and
DEREK SCHMIDT, Kansas
Attorney General,

        Defendants.

MEMORANDUM AND ORDER

On July 31, 2017, the Plaintiff, Troy Henry Nelson, an inmate at the Sedgwick County Detention Facility, submitted two complaints. They have been filed as separate actions and assigned the case numbers of 17-3123 and 17-3124. The complaint in 17-3123 is a form civil rights complaint for an action under 42 U.S.C. § 1983. The complaint in 17-3124 is a form civil complaint, and it asserts there is jurisdiction based upon the violation of civil rights falling within 28 U.S.C. § 1343.[1] Both complaints are docketed as prisoner civil rights actions.

Both complaints essentially name the same defendants with only minor differences including the addition of a middle initial for Mr. Schoenhofer and the absence of "doe" defendants in 17-3124. Both

---

[1]The plaintiff's complaint also listed K.S.A. 22-3504 as a jurisdictional basis. This Kansas statute establishing a procedure for Kansas courts to correct illegal sentences in state court is not a statutory basis for federal subject matter jurisdiction. There is also no diversity jurisdiction here.

complaints basically allege the same factual setting and assert the same substantive claims against Mr. Nelson's former criminal defense counsel, Mark Schoenhofer, and against the current Attorney General of Kansas. Mr. Nelson alleges Mark Schoenhofer inadequately represented him at a criminal sentencing in state court in 2002 which resulted in an erroneous criminal history category and an erroneous longer sentence. The unpublished opinion of the Kansas Court of Appeals filed November 18, 2016, *State v. Nelson*, 384 P.3d 1026 (Table), 2016 WL 6821852 (2016), explains some of the plaintiff's allegations concerning the state court proceedings. As alleged in 17-3123, Mr. Nelson repeats that the defendant Kansas Attorney General knew of and failed to prevent the district attorney from prosecuting him in 2002 while having a conflict of interest and failed to prevent the violation of his constitutional rights and state law at the original sentencing and at the later resentencing. The plaintiff seeks exclusively monetary damages as his relief.

Because the plaintiff's complaints in 17-3123 and 17-3124 are identical for all purposes relevant to the screening process, the court will incorporate its discussion and analysis from 17-3123 as its ruling here. The court is satisfied that its ruling in 17-3123 applies across the board to 17-3124.

Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss the entire complaint or any part of it, "if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to

[the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted). The same standard used for Fed. R. Civ. P. 12(b)(6) motions is used for § 1915(e)(2)(B)(ii) dismissals, and this includes the newer language and meaning taken from *Twombly* and its "plausibility" determination. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).

<u>Defendant Attorney General</u>

The plaintiff is bringing a damage suit against the Kansas Attorney General Schmidt based on the conduct of district attorneys in prosecuting him and in participating in the sentencing proceedings. The plaintiff's complaint fails to specify whether the defendant is sued in his official capacity, individual capacity, or both. If this is an official capacity

4

action, the "Kansas Attorney General is the 'chief law officer of the state' and therefore is entitled to same immunity under the Eleventh Amendment as the State itself." *Maley v. Kansas*, 543 Fed. Appx. 869, 2013 WL 6171080 (10th Cir. Nov. 26, 2013) (citations omitted).

If this is an individual capacity action, the defendant Schmidt did not become Attorney General until 2011 which is a matter of public record and for judicial notice. There is no factual or legal basis for alleging Schmidt's liability prior to 2011. In addition, prosecutors enjoy absolute immunity from civil suits for damages asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The allegations of misconduct here focus on the district attorney's participation in the actual prosecution and involvement in the sentencing proceedings. This alleged conduct comes within the nature of functions performed by the state's advocate or prosecutor. *Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993). Actions taken as an advocate or, more specifically, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State" are covered by absolute immunity. *Id.* at 273. Because the plaintiff has alleged only misconduct regarding actions taken in prosecuting and advocating a sentence, absolute prosecutorial immunity applies here. This case is one of "those extraordinary instances when the claim's factual backdrop clearly

beckons the defense" as made obvious from the face of the complaint and no further factual record is necessary. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Mr. Nelson's claims against the defendant Schmidt cannot survive the immunity defenses.

Finally, the attorney general's supervision of others does not subject him to liability, as supervisors can only be held liable for their own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The plaintiff's complaint contains no allegations of individual actions taken by the defendant Schmidt, nor do the alleged context and circumstances of this case suggest any possibility of the plaintiff being able to allege individual actions. And to the extent that the plaintiff is alleging any violations of state statutes, he has stated no cognizable § 1983 action which is reserved for the deprivation of rights secured by the federal constitution or law. *Trujillo*, 465 F.3d at 1214 n. 2. Thus, the plaintiff's monetary damage claims against Schmidt are barred by Eleventh Amendment immunity and absolute immunity. Nor can the plaintiff allege a viable claim against Schmidt who is sued purely in his supervisory status as the Attorney General of Kansas. Dismissal of the defendant Schmidt pursuant to § 1915A(b)(1) and (2) is

necessary and proper, and an opportunity for the plaintiff to amend would be futile.

Defendant Schoenhofer

The plaintiff is alleging various claims against his criminal defense lawyer for his inadequate representation and ineffective legal assistance in the 2002 sentencing. While couching these claims both as legal malpractice and the violation of his constitutional rights, the plaintiff has not alleged that his state court attorney was acting under color of state law as required under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013)("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)). A criminal defense attorney does not act under color of state even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983). The complaint does not allege any legal or factual basis for a conspiracy that would bring this matter under the color of state law. Conclusory allegations of "they" are not enough to make out actions taken under color of state law. More importantly, there are no

supporting facts alleged here, and what is alleged simply does not point to any real possibility that the plaintiff could allege any plausible theory of liability. The court is convinced an opportunity to amend here would be futile. All of the above analysis applies with equal force against the plaintiff's "john doe" defendants about whom the plaintiff only alleges as possible defendants "who come to light during this complaint." ECF# 1, p. 4. The plaintiff's issues with his state criminal sentencing will never state a federal civil rights action against these named defendants.

Because the Court finds that the plaintiff's federal claims against the defendant Schmidt and the defendant Schoenhofer are subject to immediate dismissal, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims at this early stage in the proceedings. *See VR Acquisitions, LLC v. Wasatch County*, 853 F.3d 1142, 1150 (10th Cir. 2017) (citing and quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.")). Thus, the plaintiff's remaining state law claims are dismissed without prejudice.

IT IS THEREFORE ORDERED that the plaintiff's claims under 42 U.S.C. § 1983 are dismissed for the reasons stated above, and his state law claims are dismissed without prejudice to refiling.

Dated this 20th day of October, 2017, Topeka, Kansas.

supporting facts alleged here, and what is alleged simply does not point to any real possibility that the plaintiff could allege any plausible theory of liability. The court is convinced an opportunity to amend here would be futile. All of the above analysis applies with equal force against the plaintiff's "john doe" defendants about whom the plaintiff only alleges as possible defendants "who come to light during this complaint." ECF# 1, p. 4. The plaintiff's issues with his state criminal sentencing will never state a federal civil rights action against these named defendants.

Because the Court finds that the plaintiff's federal claims against the defendant Schmidt and the defendant Schoenhofer are subject to immediate dismissal, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims at this early stage in the proceedings. *See VR Acquisitions, LLC v. Wasatch County*, 853 F.3d 1142, 1150 (10th Cir. 2017) (citing and quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.")). Thus, the plaintiff's remaining state law claims are dismissed without prejudice.

IT IS THEREFORE ORDERED that the plaintiff's claims under 42 U.S.C. § 1983 are dismissed for the reasons stated above, and his state law claims are dismissed without prejudice to refiling.

Dated this 20th day of October, 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge